IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE L. VIALE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORP, et al., <br><br> Defendants. | Case No. 19-cv-00038-MMC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR REMAND TO STATE COURT** <br><br> Re: Dkt. No. 72 |

Before the Court is plaintiffs Debbie L. Viale and Amber Jacob's Motion for Remand to State Court, filed January 29, 2019, and amended January 30, 2019. Defendants Foster Wheeler LLC ("Foster Wheeler") and Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc. ("Buffalo") (collectively, "Removing Defendants"), have filed separate oppositions, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the operative complaint, the Amended Complaint ("AC") filed November 7, 2018, in state court, plaintiffs allege decedent Ronald Viale "used, handled, or was otherwise exposed to asbestos and asbestos containing products provided by or manufactured by the defendants," including when he was employed by the United States Navy as a "steamfitter/firefighter" from 1968 to 1970, that he "contracted the terminal cancer, mesothelioma" as a result of such exposure, and that, in July 2018, he "died as a

---

[1] By order filed March 1, 2019, the Court took the matter under submission.

result." (See AC, Introduction at 4:5-10; Ex. A at 1:2-4, 6-7.)[2] Based on said allegations, plaintiffs assert eight causes of action arising under state law, including claims alleging Removing Defendants failed to warn said decedent or the Navy about the hazards posed by asbestos. (See, e.g., AC ¶¶ 7, 10, 29, 35, 41-42.) On January 3, 2019, Foster Wheeler, citing 28 U.S.C. § 1442(a)(1), removed the action to this District; on January 9, 2019, Buffalo filed a notice of joinder in the removal.

Pursuant to § 1442(a)(1), a civil action filed in state court against the United States, or "any person acting under" an officer of the United States, may be removed to federal court. See 28 U.S.C. § 1442(a)(1). To invoke § 1442(a)(1), a defendant "must show that (1) it is a person within the meaning of the statute,[3] (2) a causal nexus exists between plaintiffs' claims and the actions [the defendant] took pursuant to a federal officer's direction, and (3) it has a colorable federal defense to plaintiffs' claims." See Leite v. Crane, 749 F.3d 1117, 1120 (9th Cir. 2014). In their motion to remand, plaintiffs contend Removing Defendants lack evidence to show a causal nexus exists or that they have a colorable federal defense. For the reasons set forth below, the Court finds the requisite showing has been made.

At the outset, the Court, having reviewed the evidence submitted by Removing Defendants,[4] finds such evidence shows each said defendant has a colorable federal defense to plaintiffs' failure to warn claims, specifically, the "government contractor defense." See id. at 1123. Indeed, the evidence submitted is materially indistinguishable from that found sufficient by the Ninth Circuit in Leite v. Crane, in which, as here, plaintiffs alleged a removing defendant sold equipment containing asbestos to the Navy and failed to provide warnings about hazards posed by asbestos. See id. at 1119-20.

---

[2] Plaintiffs are, respectively, the decedent's surviving spouse and daughter.

[3] Plaintiffs do not dispute that Removing Defendants are "persons" within the meaning of § 1442(a)(1).

[4] Plaintiffs have not offered evidence in support of the instant motion.

2

In particular, as did the defendant in Leite, see id. at 1123-24, Removing Defendants have offered declarations by Rear Admiral Roger B. Horne, Jr. and Rear Admiral David P. Sargent, Jr., each of whom states the Navy issued detailed specifications governing the form and content of all warnings, that such specifications did not require warnings about asbestos hazards, and that contractors were not allowed to include warnings beyond those specifically required and approved by the Navy. (See Horne Decl., filed February 12, 2019, ¶¶ 18, 26-31; Horne Aff. (Ex. 2 to Buffalo's Joinder), filed January 9, 2019, ¶¶ 12, 14, 24; Sargent Decl., filed February 12, 2019, ¶¶ 24-25, 27, 54-56, 58, 63-64.) Next, Removing Defendants rely on a declaration by Samuel Forman, M.D., who, as the Ninth Circuit observed in Leite, has "conducted extensive research on the extent of the Navy's knowledge of asbestos hazards," see Leite, 749 F.3d at 1120, and who, as he did in Leite, see id. at 1124, opines here that the Navy at all times knew at least as much about asbestos hazards as its contractors (see Forman Decl., filed February 22, 2019, ¶¶ 26-27, 30-31, 36-56, 64, 93-94, 112, 114; see also id. ¶ 69 (averring "in [his] research, [he has] not located a single instance in which the Navy, during the 1930s through the 1960s, instructed or permitted a supplier of engineering equipment to a vessel or facility to affix or provide any asbestos-related warning with its equipment")).[5] In addition, as did the defendant in Leite, each Removing Defendant has offered evidence that the equipment it provided to the Navy was in compliance with the Navy's specifications. See Leite, 749 F.3d at 1124; (Schroppe Aff. (Ex. B to Notice of Removal) ¶¶ 1-2, 21-22; Kraft Aff. (Ex. 3 to Buffalo's Joinder) ¶¶ 1-3, 8, 13-14).

//

//

---

[5] Plaintiffs' objections to the above-referenced declarations are hereby OVERRULED. (See Pls.' Reply at 7:26-28 (asserting "each declarant lacks personal knowledge, their statements lack foundation, and are speculative").) As the Ninth Circuit found in Leite, and as this Court finds in the instant action, the declarations by the Rear Admirals are "supported by an adequate foundation based on [their] knowledge of Navy procurement policies," see id. at 1223, and Dr. Forman's opinions are "supported by an adequate foundation based on his years of historical research," see id. at 1224.

Lastly, Removing Defendants have shown a causal nexus between plaintiffs' claims and the acts Removing Defendants state they took pursuant to a federal officer's direction. As discussed above, the alleged acts that form the basis of plaintiffs' failure to warn claims against Removing Defendants, specifically, a failure to warn the decedent or the Navy about asbestos hazards, is the act Removing Defendants contend they performed under the direction of the Navy. See Leite, 749 F.3d at 1124 (holding, in assessing whether causal nexus exists, court "credit[s] the defendant's theory of the case").

Accordingly, Removing Defendants have shown the instant action was properly removed.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 11, 2019

MAXINE M. CHESNEY
United States District Judge