IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE L. VIALE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AIR & LIQUID SYSTEMS CORP, et al.,<br><br>    Defendants. | Case No. 19-cv-00038-MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT; DIRECTIONS TO PARTIES**<br><br>Re: Dkt. No. 176 |

Before the Court is plaintiffs' Motion, filed April 26, 2019, "for Leave to File Amended Complaint." Defendant Foster Wheeler LLC ("Foster Wheeler") has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support and in opposition to the motion, the Court deems the matter appropriate for determination thereon, VACATES the hearing scheduled for May 31, 2019, and rules as follows.

In the operative complaint, the Amended Complaint ("AC") filed November 7, 2018, plaintiffs assert eight causes of action, which claims are based on their allegations that decedent Ronald Viale "used, handled, or was otherwise exposed to asbestos and asbestos containing products provided by or manufactured by the defendants" and that he "contracted the terminal cancer, mesothelioma" as a result of such exposure and subsequently died. (See AC at 4:5-10.) Attached to the AC is a chart in which, under the statement "decedent's exposure to asbestos and asbestos containing products occurred at various locations both inside and outside the State of California," plaintiffs list a number of employers and, for each employer, to the extent known, the location of the worksite, the decedent's job title, and dates of employment. (See AC Ex. A.)

In plaintiffs' proposed amended pleading (hereinafter, "Proposed SAC"), plaintiffs

seek to delete from the above-referenced chart one employer, specifically, the United States Navy, and to add in the body of the proposed pleading the following language: "The Plaintiffs' [sic] do not allege and expressly disclaim any and all allegation regarding asbestos against the Defendants named in this suit while Mr. Viale served in the United States Navy." (See Proposed SAC ¶ 11.)

Foster Wheeler objects to the proposed amendment, on the ground it is untimely and prejudicial. As discussed below, the Court disagrees.

First, Foster Wheeler's reliance on the April 30, 2019 "deadline to amend pleadings" (see Pretrial Preparation Order, filed April 18, 2019) is unpersuasive. Foster Wheeler argues said deadline is the deadline to file an amended complaint, not the deadline to seek leave to amend. Where a court grants a motion for leave to amend, however, the proposed amended pleading is "deemed filed" on the date the plaintiff files the motion. See Mayes v. AT&T Information Systems, Inc., 867 F.2d 1172, 1173 (8th Cir. 1989) (holding, in determining whether new claim in amended complaint is barred by statute of limitations, where plaintiff seeks leave to amend prior to expiration of limitations period, amended complaint is "deemed filed" on that date, even though "entry of the court order and the filing of the amended complaint" occur after limitations period expires). Here, plaintiffs filed their motion for leave on April 26, 2019, and, should the Court grant the motion, the Second Amended Complaint would be deemed filed on that date.

Foster Wheeler next argues it would be prejudiced by the proposed amendment because, according to Foster Wheeler, it "is entitled to a federal forum for the adjudication of its federal defense" (see Def.'s Opp. at 2:19-20), and there is "uncertainty as to the scope of the [plaintiffs'] purported federal waiver" (see id. at 2:17-18).[1] These

---

[1] Foster Wheeler removed the instant action pursuant to 28 U.S.C. § 1442(a)(1), asserting that, when engaging in the conduct challenged by plaintiffs, Foster Wheeler was "acting under an officer or agency of the United States," specifically, the United States Navy (see Notice of Removal ¶ 6), and that it would pursue "the government contractor defense" (see id. ¶¶ 8-9). By order filed March 11, 2019, the Court denied plaintiffs' motion for remand, finding removal under § 1442(a)(1) was proper.

1  arguments, however, are not directed to the propriety of plaintiffs' filing the Proposed
2  SAC, but, rather, to plaintiffs' assertion in their motion that the Proposed SAC
3  "disclaim[s]" all "federal claims" such that "no federal issues exist." (See Pls.' Mot. at
4  1:27-28.)  Plaintiffs, however, do not seek remand at this time, and consequently, the
5  Court does not address herein whatever effect, if any, the filing of the Proposed SAC may
6  have on the exercise of jurisdiction.

Accordingly, the motion for leave to amend will be granted, and plaintiffs may file an amended pleading in conformity with the directions set forth below.

## CONCLUSION

For the reasons stated, plaintiffs' motion for leave to amend is hereby GRANTED.

Plaintiffs shall file their Second Amended Complaint no later than May 31, 2019. Said pleading shall be in the form of the proposed SAC, with the following revisions to the first page: (1) plaintiffs shall identify the court as "United States District Court, Northern District of California"; (2) plaintiffs shall title the document "Second Amended Complaint for Wrongful Death and Survival Actions – Asbestos"; and (3) plaintiffs shall include the federal case number, i.e., Case No. 19-cv-00038 MMC.  See Civil L.R. 3-4(a).

Lastly, as the proposed SAC does not add any new claims or allegations, all answers filed in response to the AC shall be deemed responsive to the SAC.  Any defendant that wishes to file an answer to the SAC, however, shall do so within fourteen days of the filing of the SAC.

**IT IS SO ORDERED.**

Dated: May 21, 2019

MAXINE M. CHESNEY
United States District Judge

3