United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE L. VIALE, et al.,<br>    Plaintiffs,<br>    v.<br>AIR & LIQUID SYSTEMS CORP, et al.,<br>    Defendants. | Case No. 19-cv-00038-MMC<br>**ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR REMAND; VACATING HEARING**<br>Re: Dkt. No. 182 |

Before the Court is plaintiffs Debbie L. Viale and Amber Jacobs' Renewed Motion for Remand, filed June 3, 2019. Defendants Calaveras Asbestos, Ltd. and Calaveras Natural Resources, Inc. (collectively, "Calaveras") have filed opposition, as have defendants Foster Wheeler LLC ("Foster Wheeler") and General Electric Company ("GE"). Defendants SPX Cooling Technologies, Inc. and CBS Corporation have joined in each of the oppositions, and plaintiffs have filed a single reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 12, 2019, and rules as follows.

In the above-titled action, plaintiffs allege decedent Ronald Viale contracted mesothelioma as a result of his exposure to asbestos and asbestos containing products at a number of worksites. On January 3, 2019, Foster Wheeler removed the action to federal court, and, on January 9, 2019, Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc. ("Buffalo Pumps"), filed a notice of joinder in the removal.

At the time of removal, plaintiffs' claims were alleged in their Amended Complaint ("AC"). In the AC, plaintiffs alleged, inter alia, that both Foster Wheeler and Buffalo

1 Pumps failed to warn "the decedent, the decedent's employers, and others" about the
2 hazards posed by asbestos. (See AC ¶ 7; see also AC ¶¶ 10, 29, 35, 41-42.) Plaintiffs
3 also alleged that the locations of the decedent's exposures included "Mare Island," a
4 naval shipyard. (See AC Ex. A at 1:2-4, 6-7, 17.) By order filed March 11, 2019, the
5 Court denied plaintiffs' initial motion to remand, finding the above-titled action was
6 properly removed under 28 U.S.C. § 1442(a)(1), as each removing defendant had
7 demonstrated it had a colorable federal defense, specifically, the government contractor
8 defense, to plaintiffs' claims alleging the decedent had been exposed to asbestos-
9 containing products supplied by Foster Wheeler and Buffalo Pumps to the United States
10 Navy.

11 Thereafter, on May 29, 2019, plaintiffs, with leave of court, filed a Second
12 Amended Complaint ("SAC"), in which plaintiffs no longer allege claims based on the
13 decedent's exposure to asbestos during the period in which he "served in the United
14 States Navy" (see SAC II), and, consistent therewith, plaintiffs have deleted "US Navy"
15 from a chart listing the names of the decedent's employers (compare SAC Ex. A with AC
16 Ex. A).

17 By the instant motion, plaintiffs renew their request for remand, asserting the SAC
18 no longer includes any claim over which the Court has original jurisdiction. As set forth
19 below, the Court disagrees.

20 First, although plaintiffs have dismissed all of the claims that were predicated on
21 the decedent's exposure during his employment with the Navy, plaintiffs have not
22 dismissed any of the claims that are predicated on the decedent's exposure during the
23 time the decedent was employed by Ziebarth Alger. (Compare SAC Ex. A at 1:2-4, 21
24 with AC Ex. A at 1:2-4, 17.) As GE points out, plaintiffs, in their Initial Disclosures,
25 acknowledge that the decedent's duties during said period of employment included
26 working on "Buffalo Pumps and Foster Wheeler boilers" at the Mare Island Naval
27 Shipyard (see Pls.' Initial Disclosures at 12:21-22, 26-27; see also id. at 13:6, 8-9 (stating
28 decedent's work for Ziebarth Alger at the Mare Island Naval Shipyard included "add[ing] a

2

1  Foster Wheeler boiler")), i.e., the decedent allegedly was exposed to asbestos while
2  working on equipment supplied to the United States Navy by the removing defendants.

3      Second, as Calaveras and Foster Wheeler correctly note, the Court has original
4  jurisdiction over such claims for a second reason. Specifically, "[f]ederal courts have
5  federal question jurisdiction over tort claims that arise on federal enclaves," see <u>Durham</u>
6  <u>v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1250 (9th Cir. 2006), which include property
7  purchased by the United States "by the Consent of the Legislature of the State" for use
8  as "dock-[y]ards," see <u>Willis v. Craig</u>, 555 F.2d 724, 726 (9th Cir. 1977) (internal
9  quotation and citation omitted). In 1854, the State of California consented to the United
10 States' purchase of Mare Island for the purpose of the United States' erecting and
11 maintaining "dock-yards" and other "naval structures" (<u>see</u> Sharp Decl. Ex. 5), and,
12 consequently, the Mare Island Naval Shipyard, at the time of the alleged exposure, was a
13 federal enclave. See <u>Fung v. Abex Corp.</u>, 816 F. Supp. 569, 571 (N.D. Cal. 1992)
14 (holding district court had original jurisdiction over plaintiffs' claims that they were harmed
15 by exposure to asbestos while they worked at Mare Island Naval Shipyard).[1]

16     Accordingly, as the SAC alleges claims over which the Court has original
17 jurisdiction, plaintiffs' renewed motion for remand is hereby DENIED.

18 **IT IS SO ORDERED.**

20 Dated: July 3, 2019

                                 MAXINE M. CHESNEY
                                 United States District Judge

---

[1] Although the United States closed the Mare Island Naval Shipyard in 1996, see <u>Lennar Mare Island, LLC v. Steadfast Ins. Co.</u>, 2016 WL 5847010, at 1 (E.D. Cal. October 6, 2016), the alleged exposure occurred in 1978 and 1979 (<u>see</u> SAC Ex. A at 1:2-4, 21).