IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE L. VIALE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AIR & LIQUID SYSTEMS CORP, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-00038-MMC<br><br>**ORDER GRANTING DEFENDANT UNION CARBIDE CORPORATION'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**<br><br>Re: Doc.. No. 258 |

　　　　Before the Court is defendant Union Carbide Corporation's ("Union Carbide") Motion for Summary Judgment, filed May 28, 2020. Plaintiffs Debbie Viale and Amber Jacobs have filed opposition, to which Union Carbide has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 10, 2020, and rules as follows.

　　　　In the operative complaint, the Second Amended Complaint ("SAC"), plaintiffs allege Ronald Viale ("Viale") "used, handled, or was otherwise exposed to asbestos and asbestos containing products provided by or manufactured by the defendants," that he "contracted the terminal cancer, mesothelioma" as a result of such exposure, and that, in July 2018, he died. (See SAC, Introduction at 3:3-7, ¶ V.) Based on said allegations, plaintiffs, who are, respectively, the decedent's wife and daughter, assert against Union Carbide the following four Causes of Action: "Negligence," "Strict Liability," "False

---

[1] Contrary to plaintiffs' argument, Union Carbide's motion was not filed in violation of this Court's Standing Orders.

1  Representation," and "Intentional Tort."

2  In its motion, Union Carbide argues plaintiffs lack evidence to establish Viale was
3  exposed to any asbestos-containing product made by a manufacturer to whom Union
4  Carbide had supplied asbestos.[2]  As set forth below, the Court agrees.

5  A moving party who does not have the "ultimate burden of persuasion at trial" may
6  meet its initial burden to show entitlement to summary judgment by "show[ing] that the
7  nonmoving party does not have enough evidence of an essential element of its claim or
8  defense to carry its ultimate burden of persuasion at trial."  See Nissan Fire & Marine Ins.
9  Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  Put another way, the movant may
10 meet its initial burden "by showing - that is, pointing out to the district court - that there is
11 an absence of evidence to support the nonmoving party's case."  See id. at 1105 (internal
12 quotation and citation omitted).

13 Here, Union Carbide has submitted plaintiffs' responses to interrogatories as well
14 as excerpts from the depositions of all individuals identified by plaintiffs as persons
15 having knowledge of Viale's exposure to products containing asbestos supplied by Union
16 Carbide.  (See Haran Decl. Ex. C at 4:6-8:13, Ex. F at 61:6-11, 114:15-115:6, Ex. G at
17 39:25-40:8, 49:12-17, Ex. H at 84:5-85:13, 86:2-6, Ex. I at 54:14-56:21, 58:2-59:24, 61:5-
18 8, 63:13-64:1, Ex. J at 265:19-269:7, Ex. K at 205:10-208:8, Ex. L at 180:4-9, 333:2-6,
19 Ex. M at 172.)  Having reviewed that evidence, the Court finds Union Carbide has met its
20 initial burden.

21 Where, as here, the party moving for summary judgment has met its initial burden
22 to "demonstrate the absence of a material fact," see Celotex Corp. v. Catrett, 477 U.S.
23 317, 323 (1986), the nonmoving party, to defeat the motion, must, by affidavits or other
24 evidence, "designate specific facts showing that there is a genuine issue for trial," see id.
25 at 324 (internal quotation and citation omitted).  In that regard, plaintiffs have offered over

---

[2] It is undisputed that Union Carbide, beginning in 1963, sold asbestos to manufacturers, which, in turn, incorporated it into "various products."  (See Haran Decl. Ex. O ¶ 4; Belantis Decl. Ex. C at 3:27 – 4:1.)

three hundred pages of documents comprising responses to interrogatories served in other cases, excerpts from deposition testimony given in this and other cases, excerpts from trial testimony given in an additional case, and an expert report served in this case. (See Belantis Decl. Exs. A-O.) In their opposition, however, plaintiffs fail to identify, nor has the Court otherwise located, anything in the materials submitted sufficient to raise a triable issue of fact with respect to Viale's alleged exposure to a product containing asbestos supplied by Union Carbide.

Accordingly, Union Carbide's motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: July 6, 2020

MAXINE M. CHESNEY
United States District Judge