IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE L. VIALE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AIR & LIQUID SYSTEMS CORP, et al.,<br><br>    Defendants. | Case No. 19-cv-00038-MMC<br><br>**ORDER GRANTING DEFENDANT FOSTER WHEELER LLC'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**<br><br>Re: Doc. No. 260 |

Before the Court is defendant Foster Wheeler LLC's ("Foster Wheeler") Motion for Summary Judgment, filed May 29, 2020. Plaintiffs Debbie Viale and Amber Jacobs have filed opposition, to which Foster Wheeler has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 10, 2020, and rules as follows.

In the operative complaint, the Second Amended Complaint ("SAC"), plaintiffs allege Ronald Viale ("Viale") "used, handled, or was otherwise exposed to asbestos and asbestos containing products provided by or manufactured by the defendants," that he "contracted the terminal cancer, mesothelioma" as a result of such exposure, and that, in July 2018, he died. (See SAC, Introduction at 3:3-7, ¶ V.) Based on said allegations, plaintiffs, who are, respectively, the decedent's wife and daughter, assert against Foster Wheeler the following four Causes of Action: "Negligence," "Strict Liability," "False

---

[1] Contrary to plaintiffs' argument, Foster Wheeler's motion was not filed in violation of this Court's Standing Orders.

1    Representation," and "Intentional Tort."

2    　　　　In its motion, Foster Wheeler argues plaintiffs lack evidence to establish Viale was
3    exposed to any asbestos-containing product manufactured, sold, or supplied by Foster
4    Wheeler.  As set forth below, the Court agrees.

5    　　　　A moving party who does not have the "ultimate burden of persuasion at trial" may
6    meet its initial burden to show entitlement to summary judgment by "show[ing] that the
7    nonmoving party does not have enough evidence of an essential element of its claim or
8    defense to carry its ultimate burden of persuasion at trial."  See Nissan Fire & Marine Ins.
9    Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  Put another way, the movant may
10   meet its initial burden "by showing - that is, pointing out to the district court - that there is
11   an absence of evidence to support the nonmoving party's case."  See id. at 1105 (internal
12   quotation and citation omitted).

13   　　　　Here, Foster Wheeler has submitted plaintiffs' responses to interrogatories,
14   excerpts from the depositions of all individuals identified by plaintiffs as persons having
15   knowledge of Viale's exposure to Foster Wheeler products, excerpts from the depositions
16   of two other persons who were coworkers of Viale, and two reports authored by experts
17   designated in the instant case by plaintiffs.  (See Baltes Decl. Ex. B at 4:16-10:12, Ex. C
18   at 224:1-225:24, 347:16-349:23, 355:2-11, 356:4-15, 359:19-24, Ex. D at 650:13-651:7,
19   Ex. E at 301:3-03:25, 306:10-307:7, Ex. F at 220:7-222:3, Ex. G at 123:4-124:4, Ex. H at
20   178:6-180:25, Exs. I-J; see also Smith Decl. ¶¶ 2-4.)  Having reviewed that evidence, the
21   Court finds Foster Wheeler has met its initial burden.

22   　　　　Where, as here, the party moving for summary judgment has met its initial burden
23   to "demonstrate the absence of a material fact," see Celotex Corp. v. Catrett, 477 U.S.
24   317, 323 (1986), the nonmoving party, to defeat the motion, must, by affidavits or other
25   evidence, "designate specific facts showing that there is a genuine issue for trial," see id.
26   at 324 (internal quotation and citation omitted).  In that regard, plaintiffs have offered over
27   six hundred pages of documents comprising excerpts from deposition testimony given in
28   this and other cases, membership lists of two professional organizations, three articles

published in professional journals, and three reports authored by experts designated in the instant case by plaintiffs. (See Belantis Decl. Exs. A-L.)

In their opposition, plaintiffs argue three of their exhibits, specifically, excerpts from deposition testimony given by Benjamin Upton and Bernard Upton and the expert report of Charles Ay, suffice to create a triable issue as to whether the above-referenced boiler was manufactured by Foster Wheeler.[2] As set forth below, the evidence on which plaintiffs rely does not suffice to raise a triable issue.

First, although Benjamin Upton testified that, while working with Viale at the Mare Island Naval Shipyard ("Mare Island"), he "believe[d]" a boiler that was demolished in Viale's presence had been manufactured by Foster Wheeler (see id. Ex. B at 347:16-348:13), said witness's "belief" is, in essence, an inference he draws from an insufficient factual basis, and, consequently, constitutes inadmissible lay opinion testimony. See Fed. R. Evid. 701(a) (providing lay opinion must be "rationally based on the witness's perception").

Next, the Court finds unpersuasive plaintiffs' argument that Benjamin Upton's testimony nonetheless is sufficient when read in connection with the testimony given by Bernard Upton, who stated Foster Wheeler "put boilers in almost everything in the North Bay" (see Belantis Decl. Ex. A at 306:15-22), and, when asked for "clarification," added "there were times out [in] the Contra Costa area that there were boilers being built and they were being built by Foster Wheeler" (see id. Ex. A at 323:5-18). Even putting aside ambiguities as to the referenced time frame and assuming "the Contra Costa [County] area" includes Solano County, in which Mare Island is located, Bernard Upton testified he lacked personal knowledge of any of the above (see id. Ex. A at 323:20-21 (stating 'I just kind of like heard it from union meetings and stuff"), and, indeed, when asked if he had "a memory of ever seeing Foster Wheeler on a site when . . . Viale was present," he

---

[2] Plaintiffs have submitted undisputed evidence that, at the relevant times, all Foster Wheeler boilers contained asbestos. (See id. Ex. D at 59:15-22.)

3

answered "no" (see id. at 306:23-25).³

Lastly, Charles Ay's opinion that Viale was "exposed to asbestos" from a "Foster Wheeler boiler[ ]" at Mare Island, is predicated on the deposition testimony of Benjamin Upton and Bernard Upton (see id. Ex. J at 9), and, consequently, assumes a fact not supported by the evidence. See Guidroz-Brault v. Missouri Pacific Railroad Co., 254 F.3d 825, 830 (9th Cir. 2001) (affirming exclusion of expert opinion, where opinion "not sufficiently founded on facts" in record).

Accordingly, Union Carbide's motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: July 6, 2020

MAXINE M. CHESNEY
United States District Judge

---

³ Bernard Upton worked with Benjamin Upton and Viale at the above-referenced job at Mare Island. (See id. Ex. A at 151:11.)