IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE L. VIALE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>AIR & LIQUID SYSTEMS CORP, et al.,<br><br>  Defendants. | Case No. 19-cv-00038-MMC<br><br>**ORDER GRANTING DEFENDANT SPX COOLING TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Doc. No. 256 |

Before the Court is defendant SPX Cooling Technologies, Inc.'s ("SPX") "Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment of Plaintiffs' Claim for Punitive Damages," filed May 22, 2020. Plaintiffs have filed opposition, to which SPX has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court rules as follows.[2]

In the operative complaint, the Second Amended Complaint ("SAC"), plaintiffs allege Ronald Viale ("Viale") "used, handled, or was otherwise exposed to asbestos and asbestos containing products provided by or manufactured by the defendants," that he "contracted the terminal cancer, mesothelioma" as a result of such exposure, and that, in July 2018, he died. (See SAC, Introduction at 3:3-7, ¶ V.) Based on said allegations, plaintiffs, who are, respectively, the decedent's wife and daughter, assert against SPX the following four Causes of Action: "Negligence," "Strict Liability," "False

---

[1] Contrary to plaintiffs' argument, SPX's motion was not filed in violation of this Court's Standing Orders.

[2] By order filed June 18, 2020, the Court took the matter under submission.

Representation," and "Intentional Tort."

In its motion, SPX argues plaintiffs lack evidence to establish Viale was exposed to any asbestos-containing product, specifically, cooling towers, manufactured by SPX's predecessor Marley Cooling Tower Company ("Marley").[3] As set forth below, the Court agrees.

A moving party who does not have the "ultimate burden of persuasion at trial" may meet its initial burden to show entitlement to summary judgment by "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). Put another way, the movant may meet its initial burden "by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." See id. at 1105 (internal quotation and citation omitted). Alternatively, the moving party may meet its initial burden by "produc[ing] evidence negating an essential element of the nonmoving party's claim." See id. at 1102.

Here, SPX has submitted a declaration by its Claims and Litigation Manager (see DeLoache Decl.), and, in addition, has submitted plaintiffs' initial disclosures, plaintiffs' responses to interrogatories, plaintiffs' responses to requests for production of documents, excerpts from the deposition of each plaintiff, and excerpts from the deposition of each co-worker of Viale who was deposed (see Estrada Decl. Ex. A-C, Ex. D at 4-14, 16-17, Ex. E-G, Ex. H at 4-6, Ex I at 26:7-24, Ex. J at 49:12-17, Ex. K at 37:3-6, 64:23-65:21, 74:10-77:6, Ex. L at 170:6-12, 170:24-172:21, 175:14-19, 179:7-180:19, 183:8-15, 184:18-23, 185:9-15, 185:9-187:3, 188:4-25, 189:19-194:13, 314:12-315:3, Ex. M at 188:24-189:5, 193:10-195:11, 196:8-14, 198:3-14, 199:4-7, 200:2-21, 203:8-209:16, 211:2-12, 214:21-24, 216:8-15, 220:10-222:24, 224:1-12, 225:12-228:9, 228:22-231:19,

---

[3] Plaintiffs have sued SPX solely in its capacity as the successor-in-interest to Marley. (See SAC at 4:3, 4:26-27, 8:13-14.)

233:2-236:24, 238:2-5, 241:11-247:7, Ex. N at 202:11-204:6, Ex. O at 129:14-139:14.) Having reviewed that evidence, the Court finds SPX has met its initial burden.

Where, as here, the party moving for summary judgment has met its initial burden to "demonstrate the absence of a material fact," see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the nonmoving party, to defeat the motion, must, by affidavits or other evidence, "designate specific facts showing that there is a genuine issue for trial," see id. at 324 (internal quotation and citation omitted). In that regard, plaintiffs have offered close to four hundred pages of documents comprising excerpts from deposition testimony given in this case, excerpts from deposition testimony given in two other cases, SPX's responses to interrogatories provided in the instant case, and two reports authored by experts designated in the instant case by plaintiffs. (See Belantis Decl. Exs. A-G.)

Citing to four of those exhibits, specifically, excerpts from deposition testimony given by Bernard Upton and Steven Upton, as well as the expert reports of Charles Ay and James Dahlgren, plaintiffs argue they have submitted evidence sufficient to raise a triable issue as to whether Viale was exposed to asbestos contained in a cooling tower manufactured by Marley. As set forth below, the evidence on which plaintiffs rely does not suffice to raise a triable issue.

First, although Bernard Upton, a co-worker of Viale, testified Viale worked near cooling towers at two jobsites, he testified he did not know "the make of" either such tower. (See id. Ex. B at 169:9-15, 188:23-25; Estrada Decl. Ex. L at 186:25-187:3).

Next, although Steven Upton testified that, at one jobsite, "carpenters" were performing "some maintenance" on the exterior wood of a Marley cooling tower located "across the road" and "probably 150 feet" from where he and Viale were working (see Belantis Decl. Ex. A at 75:8-23; Estrada Ex. K at 75:24-76:24), plaintiffs have offered no evidence to support a finding that the cooling tower contained asbestos,[4] let alone that

---

[4] SPX has offered evidence, undisputed by plaintiffs, that, during the relevant time period, some Marley cooling towers incorporated asbestos-containing components, while others did not. (See DeLoache Decl. ¶¶ 13-15.)

3

any asbestos would have been released as a result of exterior maintenance, or that Viale was anywhere in the vicinity of the tower at the time of any such release.

Lastly, Charles Ay's opinion that Viale was "exposed to asbestos" from "cooling towers at various locations" and James Dahlgren's opinion that "Viale developed pathologically-confirmed mesothelioma cancer" as a result of his exposure to asbestos-containing products, including "cooling towers," are both predicated on the deposition testimony of Bernard Upton and Steven Upton (see Belantis Ex. F at 8, 12; Ex. G at 1-2, 11), and, consequently, assume a fact not supported by the evidence. See Guidroz-Brault v. Missouri Pacific Railroad Co., 254 F.3d 825, 830 (9th Cir. 2001) (affirming exclusion of expert opinion, where opinion "not sufficiently founded on facts" in record).

Accordingly, SPX's motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: July 7, 2020

MAXINE M. CHESNEY
United States District Judge